Filed 5/10/22  P. v. Seymour CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>TIMOTHY SCOTT SEYMOUR,<br><br>     Defendant and Appellant. | B314425<br><br>(Los Angeles County Super. Ct. No. MA078107) |

APPEAL from a judgment of the Superior Court of Los Angeles, Kathleen Blanchard, Judge.  Affirmed.

Sharon Fleming, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

Timothy Scott Seymour was charged in a consolidated information filed April 7, 2021 with one count each of oral copulation with, or penetration of, a child 10 years old or younger (Pen. Code, § 288.7, subd. (b)) and committing a lewd act on a child (Pen. Code, § 288, subd. (a)) and two counts of possession of child pornography (Pen. Code, § 311.11, subd. (a)). It was further alleged as to the first two counts that Seymour had previously been convicted of a sex offense within the meaning of the one strike law (Pen. Code, § 667.61), and as to all four counts that he had previously been convicted of a serious or violent felony within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12). As reflected in the probation report prepared for Seymour's case, the charges were based on Seymour's molestation of his five-year-old nephew while Seymour was living with his brother and his brother's family.

On June 14, 2021, pursuant to a negotiated agreement, Seymour pleaded no contest to violating Penal Code section 288, subdivision (a), and admitted he had been convicted of a prior strike offense within the meaning of the three strikes law. As recommended by the People as part of the parties' agreement, Seymour was sentenced to 16 years in state prison: the upper term of eight years, doubled as a second strike.

Seymour filed a timely notice of appeal, checking the box stating his appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

We appointed counsel to represent Seymour on appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Seymour on March 4, 2022 that he could personally submit any contentions or issue he wanted the court to consider. We have received no response.

2

We have examined the record and are satisfied Seymour's appointed appellate counsel has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The judgment is affirmed.


PERLUSS, P. J.

We concur:


SEGAL, J.


FEUER, J.